**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Victor G. BAXTER, Defendant–Appellant.**

**No. 15–12788**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 11, 2016.

Andrea G. Hoffman, Kathleen Mary Salyer, Wifredo A. Ferrer, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, Brent Tantillo, Dana Washington, U.S. Attorney's Office, Fort Lauderdale, FL, Plaintiff–Appellee.

Victor G. Baxter, Atlanta, GA, pro se.

Before HULL, MARCUS and ANDERSON, Circuit Judges.

**PER CURIAM:**

Victor Baxter, proceeding *pro se*, appeals from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 782 to the Sentencing Guidelines. On appeal, he argues that the district court erred by denying his § 3582(c)(2) motion based on its determination that he was ineligible for a sentence reduction. He also challenges his status as a career offender, and argues that his sentence should be lowered based on the Fair Sentencing Act of 2010 ("FSA").

We review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2). *United States v. Lawson,* 686 F.3d 1317, 1319 (11th Cir.2012). The defendant, as the movant, bears the burden of establishing that a retroactive amendment actually lowers his guideline range. *United States v. Hamilton,* 715 F.3d 328, 337 (11th Cir. 2013). We liberally construe *pro se* pleadings. *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998). However, § 3582(c)(2) does not grant the court jurisdiction to consider extraneous resentencing issues, including collateral attacks on a sentence. *United States v. Bravo,* 203 F.3d 778, 782 (11th Cir.2000).

Ordinarily, a district court may not modify a defendant's term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). However, a district court may reduce a defendant's sentence if the term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). For a defendant to be eligible for such a reduction based on a subsequent amendment to the Sentencing Guidelines, the relevant amendment must be listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a)(1). Because Amendment 782 is one of the listed amendments

that applies retroactively, it may serve as the basis for a § 3582(c)(2) motion to reduce sentence. U.S.S.G. §§ 1B1.10(a)(1), (d). Amendment 782 revises the drug quantity tables in U.S.S.G. § 2D1.1, resulting in a two-level reduction to the base offense level applicable to most drug offenses. *See* U.S.S.G.App. C, Amend. 782 (2014).

However, the grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) are narrow. *United States v. Berry,* 701 F.3d 374, 376 (11th Cir.2012). A district court may not reduce a defendant's term of imprisonment unless a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A reduction is inconsistent with the Guidelines' policy statement if the amendment does not have the effect of lowering the defendant's "applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Thus, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Hamilton,* 715 F.3d at 337. Moreover, we have explained that, when a defendant is sentenced as a career offender under § 4B1.1, that defendant's base offense level under § 2D1.1 plays no role in the calculation of the guideline range for purposes of § 3582(c)(2). *Lawson,* 686 F.3d at 1320.

The district court did not err by denying Baxter's § 3582(c)(2) motion for a sentence reduction based on its conclusion that he was ineligible for relief because Amendment 782 did not lower his guideline range. Here, the district court adopted the guideline calculations contained in the PSI, noting that, based on a total offense level of 37 and a criminal history category of VI, Baxter's guideline range was 360 months to life. Retroactively applying Amendment 782 would decrease Baxter's base offense level under U.S.S.G. § 2D1.1(c) from 32 to 30. However, because Baxter was designated as a career offender under § 4B1.1, his otherwise applicable offense level would still be adjusted upward to 37. *See* U.S.S.G. § 4B1.1 (providing that, "[i]f the offense level for a career criminal … is greater than the offense level otherwise applicable, the offense level from the [career offender table] shall apply"). Assuming a total offense level of 37 and a criminal history category of VI, the resulting guideline range remains 360 months to life. Accordingly, Amendment 782 does not alter the guideline range underlying Baxter's sentence, and § 3582(c)(2) does not authorize a reduction in sentence. *See Hamilton,* 715 F.3d at 337.

Moreover, to the extent that Baxter challenges his status as a career offender, his arguments are not cognizable in a § 3582(c)(2) proceeding. *See Bravo,* 203 F.3d at 782. Likewise, Baxter's reliance on the Fair Sentencing Act is misplaced, as the FSA does not fall within the scope of § 3582(c)(2) because it is "not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress." *Berry,* 701 F.3d at 377. Thus, the district court was not authorized to reduce Baxter's sentence under § 3582(c)(2), and we affirm.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**